**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000392
07-MAY-2025
08:58 AM
Dkt. 69 SO**

NO. CAAP-22-0000392

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

IN THE MATTER OF THE ESTATE OF CAROLINE HUTAFF,
aka CAROLINE M. HUTAFF and CAROLINE MAE HUTAFF, Deceased.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(PROBATE NO. 1CLP-20-0000182)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Nakasone, and McCullen, JJ.)

Respondents-Appellants Krystal Kuulei Kahler and Rita Ann Leilani Kahler-Zatko (**Kahler Sisters**) appeal from the May 16, 2022 Judgment on Order Granting Petition for Transfer of Application for Issuance of Acknowledgment of Authority to Petition for Ancillary Probate of Will and Appointment of Personal Representative Filed April 5, 2021, as Amended on November 10, 2021 [(**Order Granting Petition**)] (**Judgment**) in the Circuit Court of the First Circuit (**Hawaiʻi Probate Court**).[1] Judgment was entered in favor of Petitioner-Appellee Venus Mynatt (**Mynatt**). The Kahler Sisters also challenge in part the Order Granting Petition.

---

[1] The Honorable R. Mark Browning presided.

The Kahler Sisters raise a single point of error on appeal, contending that the Hawai'i Probate Court erred in determining that they lacked standing under Hawaii Revised Statutes (**HRS**) § 560:1-201 (2018) to object to Mynatt's appointment as Ancillary Personal Representative for the Estate of Caroline Hutaff (**Estate of Hutaff**).

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve the Kahler Sisters' point of error as follows:

A.

As a preliminary matter, we note that the Hawai'i Probate Court proceeding is ancillary to a petition for the probate of the Hutaff Estate, *i.e.*, the estate of decedent Caroline Mae Hutaff (**Hutaff**), which was filed in California (**California Probate**). At the time the Hawai'i Probate Court proceeding was filed, Mynatt was the Personal Representative of the Hutaff Estate in the California Probate proceeding, as well as the Trustee of the testamentary trust created in Hutaff's Will.[2] It appears to be undisputed that the sole asset subject to the ancillary proceeding before the Hawai'i Probate Court is Hutaff's one-half interest in certain real property located in Kailua, Hawai'i.

In addition, on December 6, 2024, Mynatt filed a motion requesting that this court take judicial notice of, *inter alia*,

_____

    [2]    At that time, the Kahler Sisters were seeking Mynatt's removal in the California Probate proceedings as well as in the Hawai'i Probate Court proceedings.

an October 25, 2024 Opinion issued by the Court of Appeal of the State of California, Fourth Appellate District (**California Opinion**) (**Motion for Judicial Notice**). On December 13, 2024, the Kahler Sisters filed a statement of no objection to the Motion for Judicial Notice, requesting only that this court note that the California Opinion states that all of Hutaff's tangible personal property is bequeathed to Jason Kahler (**Jason**), Hutaff's only child, who died while Hutaff's Will was still in probate. Accordingly, the Motion for Judicial Notice will be granted.

As stated in the California Opinion, the Kahler Sisters' challenge to Mynatt's appointment in the California Probate proceeding was rejected. As further stated in the California Opinion, it was finally determined in the California Probate proceedings that the bulk of Hutaff's estate – everything except tangible personal property – would pass to Hutaff's sister Mynatt or Hutaff's heirs, not to the Kahler Sisters, whose existence was unknown to Hutaff and Jason.

B.

On this appeal, the Kahler Sisters challenge (only) the Hawaiʻi Probate Court's determination that "[the Kahler Sisters] lack standing under [HRS] § 560:1-201 to object to the acknowledgment of [Mynatt's] authority as Personal Representative of the [Hutaff Estate.]" The Kahler Sisters argue that they have standing in this ancillary proceeding as the judicially-recognized heirs-at-law of their deceased half-brother Jason. The Kahler Sisters do not otherwise claim to have an interest in the Hutaff Estate.

3

HRS § 560:1-201, which outlines general definitions under the Uniform Probate Code, defines, in pertinent part, an "interested person" as including:

> . . . heirs, devisees, children, spouses or reciprocal beneficiaries, creditors, beneficiaries, and any others having a property right in or claim against a trust estate or the estate of a decedent, ward, or protected person. It also includes persons having priority for appointment as personal representative, and other fiduciaries representing interested persons. The meaning as it relates to particular persons may vary from time to time and must be determined according to the particular purposes of, and matter involved in, any proceeding.

Although it appears that, at the time the Hawaiʻi Probate Court proceeding was initiated, a duly-appointed representative of Jason's estate may have had standing under HRS § 560:1-201 to assert a property right in or claim against the Hutaff Estate, neither of the Kahler Sisters have established, or even alleged, that they have been so appointed. See HRS § 560:3-714(22) (2018) (a personal representative may properly prosecute or defend claims). On the contrary, the Kahler Sisters "affirmatively state," in their objection to Mynatt's petition, that Martin Lejnicks – who was nominated by the Kahler Sisters and another half-brother to be appointed administrator of Jason's estate – was the court-appointed Administrator of Jason's estate. We conclude that the Kahler Sisters, as alleged intestate heirs of Jason's estate, did not have standing to bring claims on behalf of Jason's estate, or on their own behalf, against the Hutaff Estate in these ancillary proceedings. Accordingly, we further conclude that the Hawaiʻi Probate Court did not err in determining that the Kahler Sisters lack standing under HRS

§ 560:1-201 to object to the acknowledgment of Mynatt's authority as Personal Representative of the Hutaff Estate.[3]

### C.

For these reasons, Mynatt's December 6, 2024 Motion for Judicial Notice is granted and the Hawaiʻi Probate Court's May 16, 2022 Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, May 7, 2025.

| On the briefs: | /s/ Katherine G. Leonard<br>Acting Chief Judge |
|---|---|
| Frederick W. Rohlfing III,<br>Kaʻōnohiokalā J. Aukai IV,<br>(Case Lombardi),<br>for Respondents-Appellants. | /s/ Karen T. Nakasone<br>Associate Judge |
| | /s/ Sonja M.P. McCullen<br>Associate Judge |
| James H.Q. Lee,<br>Thomas J. Wong,<br>Sofia Hirosane McGuire,<br>(Devens, Nakano, Saito, Lee,<br>Wong & Ching),<br>for Petitioner-Appellee. | |

---

[3] While not dispositive, we note that the sole asset at issue in this case is an interest in real property, not tangible personal property, and pursuant to the California Opinion, Jason's estate's only interest is in Hutaff's tangible personal property. Therefore, even if the Hawaiʻi Probate Court had erred in its determining that the Kahler Sisters had no standing at the time the Order Granting Petition was entered, it has now been adjudicated that even Jason's estate has no interest in the asset subject to these proceedings. We further note that even if the Hawaiʻi Probate Court had erred in its determining that the Kahler Sisters had no standing at the time the Order Granting Petition was entered, they did not challenge on appeal any other ruling in the Order Granting Petition. Therefore, any other challenge, including to the granting of Mynatt's petition, is waived pursuant to Hawaiʻi Rules of Appellate Procedure Rule 28(b)(4)&(7).